**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RAFAEL GUERECA, | Case No. 09 C 4927 |
| Petitioner, | |
| v. | Hon. Harry D. Leinenweber |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Rafael Guereca's Petition to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). For the following reasons, the Petition is denied without an evidentiary hearing.

### I.  BACKGROUND

On January 23, 1993, following a jury trial, Guereca was convicted of one count of conspiring to possess with intent to distribute and to distribute heroin, in violation of 21 U.S.C. § 846, and four separate counts of knowingly and intentionally distributing mixtures containing heroin in amounts varying from 3 grams to 1070.1 grams, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The Court sentenced Guereca to life imprisonment based on the conspiracy count and 151 months imprisonment, to run concurrently, on the remaining counts. The Court also sentenced Guereca to a term of supervised release should he ever be released

from prison.  Guereca appealed and the Seventh Circuit affirmed his conviction on April 16, 1996.  Guereca's conviction became final on October 7, 1996, the date the Supreme Court denied his petition for *certiorari*.

In November 2000, over three years after the § 2255 limitations period lapsed, Guereca filed a petition for *habeas* relief in the District of Kansas, the state where he was, and still is, incarcerated.  The district court dismissed Guereca's *habeas* petition in January 2004 and he did not appeal.  Over a year later, in August 2005, he filed in this court a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  That motion was denied in September 2007, Guereca appealed, and the denial was affirmed by the Seventh Circuit in June 2008.  Guereca did not file a petition for *certiorari* with the Supreme Court.  Guereca then filed the instant § 2255 petition in August 2009, over a year after the Seventh Circuit affirmed this Court's dismissal of his Rule 60(b) motion.

In support if his § 2255 petition Guereca argues that his trial and appellate counsel provided him with constitutionally deficient representation because they failed to raise a "sentencing entrapment" argument in his defense.  He further argues that the Court should excuse the untimeliness of his § 2255 petition because his appellate counsel failed to apprise him of the filing deadline and he received bad legal advice while incarcerated.

## II. STANDARD OF REVIEW

Section 2255 provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the basis that his sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). To receive relief under § 2255, a prisoner must show a "fundamental defect which inherently results in a complete miscarriage of justice," *United States v. Addonizio*, 442 U.S. 178, 185 (1979), or "an omission inconsistent with the rudimentary demands of fair procedure," *Hill v. United States*, 368 U.S. 424, 428 (1962).

The Court must hold a hearing on a § 2255 petition only if there are disputed facts set forth by affidavits and a disputed material issue. *See Taylor v. United States*, 287 F.3d 658 (7th Cir., 2002). If the factual dispute is immaterial because the governing law is clear, no hearing is necessary. *Id.* Thus, a district court may dismiss a § 2255 petition without holding a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Gallo-Vasquez v. United States*, 402 F.3d 793, 797 (7th Cir., 2005).

## III. DISCUSSION

Before the Court can address the substantive merits of Guereca's petition, it must determine whether his petition is time-barred. Under 28 U.S.C. § 2255(f)(1), a petitioner must file a § 2255 petition within one year of the date on which his conviction became final. A conviction becomes final under § 2255(f)(1) when the last round of direct review concludes. *See Clay v. United States*, 537 U.S. 522, 527 (2003).

Clearly, Guereca's petition is untimely under § 2255(f)(1) because his conviction became final on October 7, 1996, and he brought the instant petition on August 11, 2009, nearly 13 years later. However, Guereca urges the Court to apply equitable tolling in this case on the grounds that he could not have filed his § 2255 petition any sooner because he does not speak English and was unable to obtain any sound legal advice while incarcerated until August 1, 2009, when he "locate[d] an inmate legal assistant with enough knowledge to discover [his] counsel's extraordinary errors."

The Seventh Circuit recognizes that, because § 2255's limitations period is procedural rather than jurisdictional, it is subject to equitable tolling. *Nolan v. United States*, 358 F.3d 480, 483 (7th Cir., 2004). However, equitable tolling is reserved for "extraordinary circumstances far beyond the litigant's control" and, to qualify, the petitioner must show not only that some

extraordinary obstacle prevented him from filing earlier but also that he has been pursuing his rights diligently in the meantime. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In the § 2255 context, equitable tolling is so rarely appropriate that the Seventh Circuit has yet to find a circumstance that warrants it. *Nolan*, 358 F.3d at 484; *Merriweather v. Gaetz*, No. 08-6937, 2009 WL 2145426, at *2 (N.D.Ill., July 15, 2009).

This is not a case that warrants equitable tolling of the limitations period under § 2255. First, the Court is doubtful that Guereca's inability to speak English is an extraordinary obstacle that calls for equitable tolling. The Seventh Circuit has never recognized such an argument and the only circuit that has considered whether language barriers may warrant equitable tolling decided that a petitioner would also have to show that he lacked access to materials or legal assistance in his own language. *See Mendoza v. Carey*, 449 F.3d 1065 (9th Cir., 2006). Guereca has made no such showing here.

Guereca's argument that he received bad legal advice from his appellate counsel and others fares no better. He merely claims that he received bad legal advice with respect to both the limitations period for filing a § 2255 petition and his options for post conviction relief. Because it is well-settled that attorney

negligence does not warrant equitable tolling, *see Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir., 1999), the erroneous advice he received from his attorneys does not excuse Guereca's late filing of his § 2255 petition.

Even if Guereca could show that extraordinary circumstances far beyond his control prevented him from filing a timely § 2255 petition, he still cannot show that he was pursuing his rights diligently during the thirteen years that lapsed between his conviction becoming final and the filing of the instant petition. He filed his first petition for *habeas* relief over three years after the § 2255 limitations period began to run, and over two years after it had lapsed. Over a year after that first petition was dismissed, he filed his misguided Rule 60(b) motion in this court and the court's denial of his motion was affirmed in June 2008. Over a year later, in August 2009, Guereca filed the instant § 2255 petition. Even excluding the time periods when he was pursuing his habeas petition and Rule 60(b) motion, Guereca has made no showing that he was pursuing his rights during the remaining five years. As a result, the Court will not apply equitable tolling to Guereca's § 2255 petition.

## IV. **CONCLUSION**

For the reasons stated herein, Petitioner Rafael Guereca's Petition to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

**IT IS SO ORDERED.**

	Harry D. Leinenweber, Judge
	United States District Court

**DATE:** 12/30/2009